PEOPLE v THRELKEL

Docket No. 84403. Submitted April 2, 1986, at Detroit. Decided May 21, 1986.

Robert J. Threlkel pled guilty in Macomb Circuit Court to a charge of perjury during a court proceeding for a capital offense and was sentenced to from six to twenty years in prison, Lawrence P. Zatkoff, J. Defendant appealed, raising the issue whether the sentence imposed was excessive. *Held:*

In light of the severity of the offense, defendant's sentence was not unduly excessive.

Affirmed.

1. CRIMINAL LAW — APPEAL — SENTENCING.

Appellate review of the appropriateness of a sentence imposed by a trial court is limited to determining whether, in imposing the sentence, the trial court abused its discretion to the extent that the sentence imposed shocks the conscience of the appellate court.

2. CRIMINAL LAW — APPEAL — SENTENCING.

Trial courts, in order to aid the review of sentences, must articulate on the record at the time of sentencing in a criminal case the reasons for imposing the sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert John Berlin,* Assistant Prosecuting Attorney, for the people.

*Ronald Kranz,* for defendant on appeal.

REFERENCES

Am Jur 2d, Criminal Law §§ 525-631.

Propriety of sentencing judge's consideration of defendant's perjury or lying in pleas or testimony in present trial. 34 ALR4th 888.

See also the annotations in the ALR3d/4th Quick Index under Appeal and Error; Criminal Law.

Before: CYNAR, P.J., and WAHLS and E. E. BOR-RADAILE,* JJ.

PER CURIAM. Defendant pled guilty to perjury during a court proceeding for a capital offense. MCL 750.422; MSA 28.664. He was sentenced to a prison term of from six to twenty years. Defendant appeals as of right.

Defendant's perjury conviction arose out of his testimony during the retrial of Albert Keenum for first-degree murder. Pursuant to a plea bargain, defendant testified at Keenum's original trial that Keenum had hired him to kill Keenum's wife. In exchange for his testimony, defendant was permitted to plead guilty to second-degree murder. At the retrial of Keenum, defendant offered conflicting testimony, exculpating Keenum and himself. At the plea proceeding, defendant admitted that he had perjured himself but explained that he felt threatened and afraid to testify against Keenum.

The sole issue raised on appeal is whether defendant's six- to twenty-year sentence for perjury was excessive. Our review is limited to determining whether, in imposing the sentence, the lower court abused its discretion to the extent that it shocks our conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

In order to aid the appellate court in making its determination, *Coles* requires the sentencing court to articulate on the record its reasons for imposing sentence. In this case, the court articulated the following considerations:

> In determining this sentence for this particular defendant and this particular case, this Court has considered the disciplining or punishment of the wrongdoer, protection of society and potential for

* Circuit judge, sitting on the Court of Appeals by assignment.

rehabilitation of this defendant and the deterring
of others from committing like offenses. The Court
has to place great weight on the factor of deterring
others from committing like offenses.

These are the same criteria which were recommended for use by the Supreme Court in *Coles* and we find nothing improper in their use in the present case.

Defendant also suggests that the court enhanced the defendant's sentence for the perjury conviction in order to compensate for his sentence in the underlying murder conviction. This claim is unsubstantiated by either defendant's brief or the record.

Defendant next claims that his sentence was excessive in light of the circumstances surrounding his perjury. Defendant asserts that, as an inmate at Jackson Prison, he feared the consequences of being labeled a "snitch" and committed perjury only to protect himself. However, defendant admitted at the plea proceedings that he did not have an immediate fear of bodily harm, that he was aware that other options, aside from perjury, existed and that he chose not to exercise his other options. While we recognize the reality of defendant's fears, we cannot overlook the fact that defendant played a key role in a murder trial and admittedly elected to lie "about the whole thing." In light of the severity of the offense, we are not persuaded that defendant's sentence was unduly excessive.

Defendant's remaining issues, selective prosecution and right to counsel during the retrial, are not relevant to the sentencing issue and are not properly submitted for our consideration.

Affirmed.